JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Brian J. Corrigan that granted summary judgment to Federal Insurance Co. ("Federal") on Ronica A. and Brionna Johnson's claims for underinsured motorist ("UIM") benefits under a policy it issued to Ms. Johnson's employer. They claim it was error to find that they did not overcome the presumption of prejudice arising from their failure to comply with notice provisions in the policy. We affirm.
 {¶ 2} On February 12, 1997, Ms. Johnson, employed by Olympic Steel, Inc., and her minor daughter, Brionna, were injured in a three-car collision caused by the negligence of Anthony G. Sgro. In November of 1997, Ms. Johnson agreed to accept the offer of Sgro's liability insurer, Victoria Insurance Group, for $12,500 to settle her claims, and $10,000 for her child's claims, which exhausted Sgro's liability limits. Ms. Johnson's car was insured by a Safe Auto Insurance Co. policy with uninsured motorist coverage of $12,500 per person, $25,000 per accident, and Safe Auto provided $2,500 to settle Brionna's UIM claim.
 {¶ 3} The Johnsons subsequently made claims to Federal seeking UIM and consortium claims under its Business Auto Policy issued to Olympic and, in February of 2002, filed a complaint alleging breach of contract and seeking a declaratory judgment.[1]
 {¶ 4} Federal moved for summary judgment, arguing that the Johnsons were barred from recovery by their failure to give prompt notice of both the claims and of the settlements with Victoria. It also contended that they were not entitled to UIM benefits because they were not occupants of a "covered auto," as that term was defined in the policy, at the time of the accident.
 {¶ 5} The judge granted summary judgment on the notice issue, finding that the Johnsons had failed to rebut the presumption of prejudice created by the untimely notice, citing the Ohio Supreme Court's decision in Ferrando v. Auto-Owners Mut. Ins. Co.,[2]
which was decided December 27, 2002.
 {¶ 6} The Johnsons make two arguments under a single assignment of error, which is set forth in Appendix A, that challenge the notice and subrogation provisions and the covered auto exclusion within the UM/UIM coverage of the Federal policy. We need not reach these issues because, under the newly released opinion inWestfield Ins. Co. v. Galatis,[3] "a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."[4] Moreover, the court also held: "Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured."[5]
 {¶ 7} At the time of the loss, Ms. Johnson was not within the course and scope of her employment and not a named insured under the Federal policy. Neither she nor her daughter are insured for UM/UIM coverage under the Federal policy. We affirm the judgment, albeit for another reason.[6] The assignment of error lacks merit.
Judgment affirmed.
Colleen Conway Cooney, J., and Sean C. Gallagher, J., Concur.
[1] Scott-Pontzer v. Liberty Mut. Fire Ins. Co.85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
[2] 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927.
[3] 100 Ohio St.3d 216, 2003-Ohio-5849.
[4] Id., paragraph two of the syllabus.
[5] Id., paragraph three of the syllabus.
[6] Joyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93, 96,551 N.E.2d 172.